RINGELBERG *v.* KAWKA.

1. CONTRACTS—APPORTIONABLE CONTRACT.

In an action for the balance of a payment due on a contract for the remodeling of a house, which provided for the payment of certain sums as the work progressed, the defense that the contract was nonapportionable is without merit.

[1]Building and Construction Contracts, 9 C. J. § 45.

2. SAME—BREACH OF CONTRACT BY ONE PARTY JUSTIFIED OTHER PARTY IN QUITTING.

> Where the owner of a house breached a contract for its remodeling by refusing to make a payment due under its terms, the contractor was justified in quitting the job, and by so doing did not lose his right to recover under the contract, nor was he liable for the added cost of completing the job.

Error to Kent; Hawley (Royal A.), J., presiding. Submitted April 10, 1928. (Docket No. 95.) Decided June 4, 1928.

Assumpsit by John Ringelberg against Thomas Kawka and another for a balance due on a building contract. Judgment for plaintiff. Defendants bring error. Affirmed.

*J. T. & T. F. McAllister,* for appellants.

*Cornelius Hoffius* and *Dorr Kuizema,* for appellee.

WIEST, J. Under a contract, in writing, plaintiff was to remodel a house for defendants for $5,000, of which $2,000 was to be paid when the roof was on and the "house sheathed in rough," $1,500 "when plastered two coats," and $1,500 "when finished." When the roof was on and the "house sheathed in rough," plaintiff requested payment of the earned $2,000, and, after delay causing him financial embarrassment, he was paid. When the house was plastered two coats plaintiff requested payment of the earned $1,500. After some demur he received a check for $500, which he negotiated to pay bills, and upon which payment was stopped by defendants, but later paid when they were sued by the holder thereof. Defendants refused to pay the $1,000 balance, also due, and plaintiff quit the job, brought this suit to recover the $1,000, less $273 owing for labor and materials, and, upon trial

[2]Building and Construction Contracts, 9 C. J. §§ 143, 170.

before the court without a jury, was awarded a judgment for $727.   Defendants review by writ of error, claiming the contract was nonapportionable and plaintiff could not recover thereon without completion of the whole job, and, under notice of recoupment, set up the claim that the cost of completing the job exceeded the contract price.

The evidence is persuasive that plaintiff was fully justified, by defendants' refusal to pay, in quitting the job.   Plaintiff was entitled to have performance on the part of defendants as expressly agreed in the contract, and was not required to forego the financial aid so provided and carry the burden of expenses to the completion of the job.   Holding him obliged to do so would not only contravene the contract provision, but establish a rule well calculated to prove ruinous to contractors of limited financial means.

Defendants breached the contract, could not demand further performance, nor hold plaintiff for the added cost of completing the job.   The contract, by its express terms, apportioned payments thereof, and there is no merit in the claim that it was nonapportionable. *Dibol & Plank* v. *Minott,* 9 Iowa, 403.   Under the contract plaintiff was entitled to receive the second payment of $1,500, but was bound to pay for labor performed and materials furnished to that time.  Defendants' breach of the contract justified plaintiff in quitting the job, but did not abrogate his right to remedy under the contract, or drive him to recovery upon the *quantum meruit.*   See *Geary* v. *Bangs,* 138 Ill. 77 (27 N. E. 462).

The judgment is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.