## WINTER *v.* WINTER.

1. Divorce—Statutes—Equity.

  Divorce proceedings are statutory and ordinary principles of equity jurisprudence do not obtain.

2. EQUITY—DIVORCE.

> Plaintiff, seeking discovery, receiver and writ of *fieri facias*, and who had sought, unsuccessfully, in divorce proceedings, execution for sum hitherto awarded her as lien on equity of mortgaged property which equity and lien thereon had been lost through foreclosure *held*, not entitled to relief since she may not gain by indirection that which has been denied by direct action.

Appeal from Wayne; Keidan (Harry B.), J. Submitted June 10, 1936. (Docket No. 45, Calendar No. 38,951.) Decided September 2, 1936.

Bill by Madeline Winter against Frederick Winter for the appointment of a receiver, writ of *fieri facias,* and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Harry N. Stone* and *N. Calvin Bigelow,* for plaintiff.

*Daniel M. Lynch,* for defendant.

BUTZEL, J. In a divorce decree Frederick Winter, as cross-defendant, was ordered to pay Madeline Winter, cross-plaintiff, the sum of $2,750 within 60 days in full for her interest in a parcel of property jointly owned. The decree provided that she quitclaim her interest to him, but that until such payment, she retain possession of and a lien on the property; that, if necessary, the property be sold and from the proceeds she first be paid the $2,750 and interest; that cross-defendant assume and pay the principal and interest of the $600 mortgage on the property; that the sum of $2,750, so ordered to be paid, be in full payment of all dower and interest that cross-plaintiff at any time may have had in cross-defendant's property as well as in full for all

alimony, both temporary and permanent. Other provisions of the decree are not pertinent. The decree was inartistically drawn, but it leaves no doubt but that the cross-plaintiff was to receive $2,750 in the division of the property. Subsequently, the $600 mortgage was foreclosed, neither party redeemed, and the property from which cross-plaintiff was to derive the $2,750 was thus lost.

Almost five years after the rendition of the decree, the court granted a petition to amend the original decree so as to provide for execution for the collection of the $2,750. On appeal it was held that while a court could revise the amount of alimony in a decree of divorce, nevertheless, after a decree had become final and the time for rehearing has expired, a provision in lieu of dower or for a property settlement was final and could not be modified or altered except for fraud or other cause upon which any other final decree may be reviewed. We further held that the order to pay the amount of $2,750 ostensibly from the sale of the property was not a provision for alimony but a property settlement. The order permitting the amendment was reversed. *Winter* v. *Winter,* 270 Mich. 707.

In the instant case, plaintiff (cross-plaintiff in the former case) seeks to enforce the decree by a bill in equity, asking that defendant (cross-defendant in the former case) be decreed to pay the $2,750 and interest, claiming that he has an interest in an estate in the process of administration. She seeks discovery, receiver, a writ of *fieri facias,* etc., and bases her claim on the general powers of a court of equity to enforce its decree. We need not discuss the powers of a court of equity. Divorce proceedings are statutory and ordinary principles of equity jurisprudence do not obtain. *Hintz* v. *Wayne Cir-*

*cuit Judge,* 245 Mich. 306; *Wieser* v. *Wayne Circuit Judge,* 247 Mich. 52. Plaintiff in the present case seeks by indirection to do what we held could not be done directly. *Winter* v. *Winter, supra.*

The decree of the circuit judge dismissing the bill is affirmed, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.