HATCH *v.* HATCH.

1. DIVORCE—EQUITY—JURISDICTION—STATUTES.
   The jurisdiction of courts of equity to grant divorce is wholly
   statutory.

2. EQUITY — SEPARATE MAINTENANCE — DIVORCE — RESIDENCE —
   STATUTES.
   The fact that an equity court has jurisdiction to grant.a
   decree of separate maintenance does not confer upon such
   court jurisdiction to grant a divorce on the defendant's
   cross bill when the residence requirements of the divorce
   statute have not been met (3 Comp. Laws 1929, § 12731,
   as amended by Act No. 2, Pub. Acts 1941; § 12794).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 4, 1949. (Docket No. 1, Calendar No. 44,165.)   Decided February 28, 1949.

Bill by Barbara J. Hatch against Donald M. Hatch for separate maintenance.  Cross bill by defendant against plaintiff for divorce.  Motion to dismiss cross bill denied.  Plaintiff appeals.  Reversed and remanded.

*Wm. Henry Gallagher,* for plaintiff.

*Goddard, McClintock & Johnson* (*Shirley T. Johnson* and *William R. Rudell,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES
17 Am. Jur., Divorce and Separation, § 243.

DETHMERS, J. The parties were married in Michigan in 1942 and moved to California where they lived together for more than a year preceding August 1, 1946, shortly after which plaintiff returned to her parents' home in Detroit. On October 30, 1946, she filed a suit in the Wayne county circuit court for separate maintenance under Act No. 243, Pub. Acts 1889 (3 Comp. Laws 1929, § 12794 * [Stat. Ann. § 25.211]). On January 2, 1947, the defendant voluntarily appeared and filed a cross bill for divorce which alleges that he is a resident of California. Plaintiff moved to dismiss defendant's cross bill on the grounds that defendant had not been a resident of Michigan for one year immediately preceding the filing of his cross bill and that the parties had not resided in Michigan from the time of marriage until the filing of the cross bill. The trial court denied plaintiff's motion, holding that it had jurisdiction of both the subject matter and the parties. Plaintiff appeals.

The statute under which plaintiff's petition for separate maintenance was filed does not make residence in this State by plaintiff for a certain length of time a prerequisite. As relates to divorce, the applicable statute provides:

"No decree of divorce shall be granted by any court in this State in any case unless:

"First, The party applying therefor shall have resided in this State for one year immediately preceding the time of filing the bill or petition therefor; or

"Second, The marriage which it is sought to dissolve was solemnized in this State, and the party applying for such divorce shall have resided in this State from the time of such marriage until the time of bringing such suit for divorce." 3 Comp. Laws

---

* 3 Comp. Laws 1948, § 552.301.—REPORTER.

1929, § 12731, as amended by Act No. 2, Pub. Acts 1941 * (Comp. Laws Supp. 1945, § 12731; Stat. Ann. 1946 Cum. Supp. § 25.89).

Defendant relies on *Younger* v. *Caroselli,* 251 Mich. 533, *Koch* v. *Sumner,* 145 Mich. 358 (116 Am. St. Rep. 302, 9 Ann. Cas. 225), *Domzalski* v. *Domzalski,* 303 Mich. 103, and *Hummell* v. *Smale,* 186 Mich. 199, in which the holdings are substantially that despite the fact that the subject matter of a plaintiff's bill of complaint is not properly addressed to a court of equity, as distinguished from a court of law, nevertheless, if defendant's cross bill alleges grounds for equitable relief, the court of equity thus acquires jurisdiction and will, under such circumstances, retain the case for the purpose of disposing of the entire contention between the parties, even to the extent of granting plaintiff's prayer for relief. Defendant also cites *Root* v. *Root,* 164 Mich. 638 (32 L. R. A. [N. S.] 837, Ann. Cas. 1912B, 740), in which the holding is that the matter set out in a wife's cross bill for divorce is germane to her husband's bill of complaint seeking injunctive relief against her. None of these cases involves the question of whether divorce may be granted when the party applying therefor shall not have resided in this State for the statutory period. In none of them does the decision run counter to an express statutory inhibition, as does the holding of the trial court in the instant case.

Defendant also calls attention to *Clutton* v. *Clutton,* 108 Mich. 267 (31 L. R. A. 160), and *Kane* v. *Kane,* 241 Mich. 96, in both of which the plaintiff had resided in Michigan the full statutory period before filing a bill for divorce and this Court held that the court had jurisdiction, under such circumstances, to grant a divorce to the nonresident de-

---

* See 3 Comp. Laws 1948, § 552.9.—Reporter.

fendant on the latter's cross bill. This was on the theory that, under the requirements of the statute, the court had acquired jurisdiction to divorce the parties because the plaintiff, who applied for the divorce, had resided in this State for the statutory period, and that, therefore, it made no difference, insofar as the statutory residence requirements are concerned, whether the divorce were granted to plaintiff or defendant. In the instant case, however, plaintiff did not apply for divorce. Furthermore, neither she nor defendant had resided in Michigan continuously since the marriage or for one year immediately preceding the filing of either the petition or cross bill.

The jurisdiction of courts of equity to grant divorce is wholly statutory. *Banfield* v. *Banfield*, 318 Mich. 38. The question presented in the instant case cannot be resolved, therefore, on general principles of equity jurisdiction, but solely by recourse to the statute. Consequently, it cannot be said that because a court of equity acquires jurisdiction to grant a decree of separate maintenance it can retain the case to grant a divorce on defendant's cross bill when the residence requirements of the statute have not been met. The court is without jurisdiction to grant a divorce in the case at bar.

The order denying plaintiff's motion to dismiss defendant's cross bill for divorce is reversed and the cause remanded for entry of an order granting said motion and for further proceedings on such pleadings as may properly be filed herein. Costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.