**BEAUDRY *v.* BEAUDRY**

1. DIVORCE—JURISDICTION—STATUTES.
   Circuit court jurisdiction over divorce actions is entirely statu-. tory.

2. DIVORCE—RESIDENCE—STATUTE.
   Parties seeking to file for divorce are required by statute to reside in the county where the action is started for a period of ten days (MCLA § 552.9).

3. DIVORCE—RESIDENCE—TIME—COMPUTATION—STATUTE.
   The existence of the ten-day residence in a county required for jurisdiction in a divorce action to be conferred on the circuit court of the county is to be computed by excluding the first day of residence and including the last day on which the complaint is filed as required by statute and court rule (MCLA §§ 8.6, 552.9; GCR 1963, 108.6).

4. DIVORCE—JURISDICTION—COUNTY—RESIDENCE.
   A complaint for divorce should have been dismissed where statutory jurisdiction was not established in the circuit court of the county because the plaintiff had resided in the county only nine days (MCLA § 552.9).

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 November 5, 1969, at Lansing. (Docket No. 6,225.) Decided November 26, 1969.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 211.
[2, 4] 24 Am Jur 2d, Divorce and Separation § 246 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 248 *et seq.*
.Inclusion or exclusion of first and last days in computing the time for performance of an act or event which must take a certain number of days before a known future date. 98 ALR2d 1331.

Complaint by Claudia M. Beaudry against Joseph Beaudry for divorce. Defendant's motion to dismiss for lack of jurisdiction denied. Defendant appeals. Reversed.

*Thomas P. Gillotte,* for plaintiff.

*Robert A. McKenney,* for defendant.

Before: J. H. Gillis, P. J., and McGregor and V. J. Brennan, JJ.

Per Curiam. Defendant appeals from a denial of his motion to dismiss a complaint for divorce based on plaintiff's inability to meet the jurisdictional requirement set forth in MCLA § 552.9 [Stat Ann 1969 Cum Supp § 25.89]. The plaintiff took up residence in Oakland county on June 22, 1968; ten days later, on July 1, 1968, she filed her complaint.

Jurisdiction in circuit courts over divorce actions is entirely statutory. *Hatch* v. *Hatch* (1949), 323 Mich 581; *Flynn* v. *Flynn* (1962), 367 Mich 625. The statutory requirement regarding residence within the county in which the divorce suit is started is residence for ten days. The manner in which the ten-day period is to be computed is set forth both by statute (MCLA § 8.6 [Stat Ann 1969 Rev § 2.217]) and by court rule (GCR 1963, 108.6). The first day of the period is to be excluded, and the last day included.

Because the statutory jurisdiction was not established, the trial court was without jurisdiction and should have granted defendant's motion to dismiss the complaint. *White* v. *White* (1928), 242 Mich 555; *Lehman* v. *Lehman* (1945), 312 Mich 102; and *Fox* v. *Board of Regents of the University of Michigan* (1965), 375 Mich 238.

Reversed.