STAMADIANOS v STAMADIANOS

Docket No. 66909. Submitted July 12, 1983, at Lansing.—Decided
April 2, 1984. Leave to appeal granted, 419 Mich —.

Eugenia P. Stamadianos filed in Livingston Circuit Court a com-
plaint for divorce from Thomas G. Stamadianos. Accompanying
the complaint was an attestation that plaintiff had been a
resident in Livingston County for ten days prior to the filing of
the complaint. With defendant's consent, a default judgment of
divorce was entered by Paul R. Mahinske, J., on April 27, 1981,
the final decree incorporating a negotiated property settlement.
Plaintiff was awarded $625 in attorney fees. Approximately one
year later, defendant filed a motion to modify the property
settlement, alleging, among other things, that plaintiff had
failed to comply with the statutory ten-day county residency
requirement. Plaintiff eventually admitted that she had failed
to comply with the ten-day residency requirement. The trial
judge, Paul R. Mahinske, J., found that he was without jurisdic-
tion to grant the divorce by reason of the failure to comply
with the ten-day residency requirement; however, because
plaintiff had remarried, Judge Mahinske declined to set the
divorce judgment aside in its entirety and instead set aside only
the property settlement provisions and the original award of
attorney fees. The court denied plaintiff's request for attorney
fees accrued as a result of defendant's motion to amend and
instead assessed costs and attorney fees against plaintiff in the
amount of $6,107.38. Plaintiff appeals. *Held:*

　　1. While the Michigan Supreme Court held a predecessor

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146.

[2, 4] 24 Am Jur 2d, Divorce and Separation §§ 238 *et seq.,* 257 *et seq.*
　Length or duration of domicil, as distinguished from fact of domicil,
　　as a jurisdictional matter in divorce action. 2 ALR2d 291.

　Venue of divorce action in particular county as dependent on
　　residence or domicil for a specified length of time. 54 ALR2d 898.

[3] 73 Am Jur 2d, Statutes § 178.

[5] 73 Am Jur 2d, Statutes § 22.

[6] 20 Am Jur 2d, Courts § 97.

　24 Am Jur 2d, Divorce and Separation § 232.

county residency provision to be jurisdictional in nature, that holding was made prior to the time when the modern concepts of venue were incorporated into the Revised Judicature Act.

2. Since the Legislature has not specifically indicated whether the ten-day residency requirement is a jurisdiction requirement or a venue requirement, the modern view, as expressed in a more recent Court of Appeals case, is that the ten-day county residency requirement should be treated as a venue provision.

3. Since defendant failed to move for a change of venue prior to the granting of the original judgment of divorce, his right to object to improper venue was waived and the judgment cannot now be held to be void on the ground of improper venue.

4. The original judgment of divorce is reinstated, the award of costs and attorney fees against plaintiff is vacated, and the matter is remanded to the trial court for consideration of whether costs and attorney fees relative to the modification proceedings should be assessed against either party.

Reversed and remanded.

R. A. BENSON, J., dissented. He would hold that the ten-day county residency requirement is jurisdictional in nature. He would hold that the trial court, upon determining that it lacked jurisdiction in the matter, had no authority to enter any order other than an order dismissing the cause. The trial court, accordingly, should not have entered the order awarding costs and attorney fees.

### OPINION OF THE COURT

1. STATUTES — JUDICIAL CONSTRUCTION.

Statutes containing ambiguous terms are construed so as to give effect to the intent of the Legislature.

2. DIVORCE — JURISDICTION — VENUE — RESIDENCY.

The requirement that one seeking a divorce must have resided in the county in which the divorce complaint is filed for ten days prior to filing the complaint is a venue requirement rather than a jurisdictional requirement; accordingly, a divorce judgment entered by a court where there has not been compliance with the ten-day county residency requirement and where no timely motion for a change of venue was made is not void or voidable on the basis that the court lacked jurisdiction to enter the judgment of divorce (MCL 552.9, 600.1645; MSA 25.89, 27A.1645; GCR 1963, 409).

3. Statutes — Amendment of Statutes — Presumptions.

It is presumed that the Legislature has knowledge of existing statutes and laws when it amends a statute.

4. Divorce — Jurisdiction — Venue.

The requirement that one seeking a divorce must have resided in the county in which the divorce complaint is filed for ten days prior to filing the complaint is a jurisdictional requirement rather than a venue requirement (MCL 552.9; MSA 25.89).

5. Words and Phrases — Shall.

The word "shall" is used to denote a mandatory duty.

6. Courts — Jurisdiction.

A court which has determined that it has no jurisdiction should not proceed further except to dismiss the action.

*Erwin A. Salisbury,* for plaintiff.

*Whitker & Benz, P.C.* (by *Bruce H. Benz*), for defendant.

Before: M. J. Kelly, P.J., and R. B. Burns and R. A. Benson,* JJ.

M. J. Kelly, P.J. Plaintiff and defendant were granted a consent default judgment of divorce in the Livingston County Circuit Court on April 27, 1981. The final decree incorporated a property settlement which had been negotiated by the parties and which apportioned all marital assets and liabilities. Plaintiff was awarded $625 in attorney fees.

One year after entry of the judgment, defendant filed a motion to modify the property settlement alleging that plaintiff had committed several frauds upon the court. Various responsive pleadings were filed, following which plaintiff eventually filed an affidavit admitting that she had failed to comply with the ten-day residency rule set forth

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in MCL 552.9; MSA 25.89. While plaintiff had resided in Livingston County ten days prior to filing her divorce complaint, she never intended to make Livingston County her permanent home and had not understood the necessity of such intent in establishing legal residency.

At the hearing on defendant's motion, the trial court found that it was without jurisdiction to grant the divorce in light of plaintiff's failure to comply with the ten-day residency rule. However, since plaintiff had remarried, the trial court declined to set aside the judgment in its entirety and instead set aside only the property settlement provisions and the award of attorney fees. The court further denied plaintiff's request for attorney fees accrued as a result of defendant's motion for modification and instead assessed costs and attorney fees against plaintiff in the amount of $6,107.38.

Plaintiff appeals as of right from the denial of attorney fees and from the assessment of fees and costs against her.

While plaintiff does not challenge the trial court's ruling that it was without jurisdiction to enter a divorce decree in the instant case, we conclude that this is the determinative issue. MCL 552.9; MSA 25.89 provides:

"A judgment of divorce shall not be granted by a court in this state in an action for divorce unless the complainant or defendant has resided in this state for 180 days immediately preceding the filing of the complaint and the complainant or defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint."

While the trial court in this case construed this provision to be entirely jurisdictional, this Court

reached a contrary conclusion in *Abadi v Abadi,* 78 Mich App 73, 76-77; 259 NW2d 244 (1977), *lv den* 402 Mich 870 (1978). We agree with the holding in *Abadi* and find that the trial court erred in ruling that it was without jurisdiction in the instant case.

The concept of personal jurisdiction generally refers to the nexus or contact between an individual party and the forum state. MCL 600.701; MSA 27A.701; *Fitzwater v Fitzwater,* 97 Mich App 92, 97; 294 NW2d 249 (1980). Venue, on the other hand, refers in modern law to the geographical place of trial or to the locality in which a suit may be heard. 92 CJS, Venue, § 1, p 667. See, also, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 246, fn 5.

The ten-day residency rule at issue here is not specifically designated by the Legislature as a jurisdictional or venue provision. All that is clear from the face of the statute is that the ten-day residency rule is one of two residency prerequisites to the maintenance of a divorce action in a circuit court of this state. Where the terms of a statute are ambiguous, this Court must construe the statute so as to effectuate the legislative intent behind its enactment. *Carpenter v Flint School Dist,* 115 Mich App 683, 686-687; 321 NW2d 772 (1982), *lv den* 417 Mich 868 (1983). Given the generally understood concepts of jurisdiction and venue as already described, we do not believe that the Legislature intended the ten-day residency rule to be a jurisdictional prerequisite to the filing of a divorce complaint in this state.

While we do not have any data on the subject, we believe that a significant number of divorces in Michigan involve one party taking up residence in another county immediately prior to the filing of a

divorce complaint, usually as a result of the parties' reasonable decision to discontinue living together. For various reasons, these living arrangements are often temporary. To now hold that an otherwise valid divorce decree may subsequently be declared void on the ground that one of the parties did not satisfy the county residency requirement, we believe, casts a cloud of uncertainty over these divorces and constitutes too powerful a weapon to place in the hands of disgruntled former spouses, absent specific direction from the Legislature that such is the intent of MCL 552.9; MSA 25.89. This case presents only one of the many problems that may result from a finding that the ten-day residency requirement is jurisdictional in nature. Justifiably relying on what she believed to be a valid divorce decree, plaintiff remarried before defendant moved to have the decree declared void. The trial court inexplicably and inconsistently held that, while its lack of jurisdiction over the parties required it to void the property settlement and attorney fee award, it was not necessary to declare the actual grant of the divorce void as well. We believe that if the ten-day residency requirement is truly jurisdictional then the trial court had no alternative but to declare that divorce decree invalid as well. Divorce is too frequent a fact of marital life to be infected by such a latent malignancy.

We recognize that in *Lehman v Lehman*, 312 Mich 102; 19 NW2d 502 (1945), the Michigan Supreme Court construed a county residency statute applicable to divorce actions as jurisdictional in nature. We do not believe that the holding in *Lehman* is controlling, however, since (1) *Lehman* involves a different statute and (2) at the time *Lehman* was decided, the Michigan Legislature

had not yet embraced the modern concept of venue as subsequently set forth in Chapter 16 of the Revised Judicature Act, MCL 600.1601 *et seq.;* MSA 27A.1601 *et seq.* We further note our disagreement with another panel of this Court which has construed the ten-day residency rule set forth in MCL 552.9; MSA 25.89, prior to its amendment, as jurisdictional in nature. *Beaudry v Beaudry,* 20 Mich App 287; 174 NW2d 28 (1969).

Given our finding that the ten-day residency rule constitutes a venue provision, it follows that the trial court erred in setting aside the property settlement and attorney fees provisions of the consent default judgment entered in the instant case. Defendant failed to timely move for a change of venue, thereby waiving his right to raise this issue one year after entry of the divorce order. MCL 600.1645; MSA 27A.1645; GCR 1963, 401, 402, 409.

The original consent default judgment of divorce is reinstated and the award of attorney fees and costs against plaintiff is vacated. We remand this case for trial court consideration of whether attorney fees and costs incurred as a result of defendant's motion for modification and the resulting appeal should be assessed against either party, consistent with GCR 1963, 726. We do not retain jurisdiction.

Reversed and remanded.

R. B. BURNS, J., concurred.

R. A. BENSON, J. *(dissenting).* I respectfully dissent. In my opinion the ten-day county residence requirement of MCL 552.9; MSA 25.89 represents a jurisdictional limitation on the court's power to enter a divorce judgment.

As the majority notes, in *Lehman v Lehman,*

312 Mich 102; 19 NW2d 502 (1945), the Michigan Supreme Court construed a precursor to MCL 552.9; MSA 25.89 as being jurisdictional. With all due respect to the majority, I conclude that *Lehman* is controlling. It is of no import that the current statutory provisions on venue embodied in MCL 600.1601; MSA 27A.1601 through MCL 600.1659; MSA 27A.1659 were not codified as a group at the time *Lehman* was decided. Most, if not all, of the provisions set forth in Chapter 16 of the Revised Judicature Act (RJA) were embodied elsewhere in the compiled laws when *Lehman* was decided or represented the common law of this state at the time of *Lehman.* Moreover, the simple fact is that not one of the venue provisions in Chapter 16 of RJA specifically applies to divorce actions. I fail to see how the Legislature's codification of pre-existing venue provisons in the RJA reflects a legislative intent to overrule *Lehman.*

It is presumed that when the Legislature amends a statute it has knowledge of the existing law. *Skidmore v Czapiga,* 82 Mich App 689, 691; 267 NW2d 150 (1978), *lv den* 403 Mich 810 (1978). Had the Legislature intended to abrogate the rule of *Lehman* by codifying venue provisions in the RJA, it would minimally have included a provision addressing venue in divorce cases. Not only did the Legislature fail to do this, but in 1974 it reenacted MCL 552.9; MSA 25.89 in positive language similar to that used in the provision in effect at the time of *Lehman* and kept this provision in the section of the compiled laws concerned with divorce.

The majority argues, however, that MCL 552.9; MSA 25.89 is no longer jurisdictional because it is different now than at the time *Lehman* was decided. I disagree. The former provision was no

more positive in its command with respect to county residency than the current provision.[1] Nothing in the current language of MCL 522.9; MSA 25.89 suggests that the Legislature intended to abrogate the *Lehman* Court's holding that the county residency rule in a divorce action is jurisdictional. In the venue chapter of the RJA, the Legislature explicitly provided that the chapter's provisions "are not jurisdictional". MCL 600.1601; MSA 27A.1601. Accordingly, it is clear that the Legislature knows full well the distinctions between venue and jurisdictional provisions. Had it intended to legislatively overrule *Lehman,* I would have expected the Legislature to use language in MCL 552.9; MSA 25.89 similiar to that employed in MCL 600.1601; MSA 27A.1601. In contrast to the venue provisions of chapter 16 of the RJA, MCL 552.9; MSA 25.89 specifically commands that a circuit court "shall not" grant a judgment of divorce unless the ten-day county residency requirement has been satisfied. "Shall" is used to denote a mandatory duty, see *Law Dep't Employees Union v Flint,* 64 Mich App 359, 368; 235 NW2d 783 (1975), and I am convinced that the use of the term "shall not" was intended as a jurisdictional limitation on the power of the circuit courts.

The majority, in reaching the opposite conclusion, relies on *Abadi v Abadi,* 78 Mich App 73, 76-77; 259 NW2d 244 (1977), *lv den* 402 Mich 870 (1978), in which this Court indicated that MCL 552.9; MSA 25.89 was a mere venue provision. This conclusion in *Abadi* was mere dictum since, as the Court noted, the trial judge had, following a

[1] In *Lehman, supra,* p 105, the Supreme Court set out the pertinent portion of the then-existing county residence requirement with which it was concerned. This provision said:

"A divorce from the bonds of matrimony may be decreed by the circuit court of the county where the parties or one of them, reside."

hearing on the question of plaintiff's residency, concluded that, in fact, she satisfied the ten-day residency requirement of MCL 552.9; MSA 25.89.

The dictum in *Abadi* also finds the Court construing the state residency requirement as jurisdictional. I see nothing in the wording of MCL 552.9; MSA 25.89 which would support the conclusion that the state and county residency requirements stand on anything other than equal footing. In contrast to *Abadi* is *Beaudry v Beaudry,* 20 Mich App 287; 174 NW2d 28 (1969), in which this Court held that the ten-day residency rule is jurisdictional in effect. *Beaudry* relies on a long line of decisions which hold that the jurisdiction of the circuit courts over divorce matters is entirely statutory and not within the general equity powers of the court. The *Abadi* decision ignores this line of cases, ignores *Lehman,* and, while citing *Beaudry* as support for another proposition, inexplicably fails to note that, on the jurisdictional question, *Beaudry* reached a contrary result. All of these shortcomings convince me that this dictum from *Abadi* should not be relied upon as controlling precedent.

Since I believe that the Livingston County Circuit Court lacked jurisdiction over this matter, it is my opinion that the only authority that the circuit court had was to enter an order dismissing the case. *Fox v Bd of Regents of University of Michigan,* 375 Mich 238, 242-243; 134 NW2d 146 (1965). The court's order granting defendant attorney fees was void. See *Saba v Gray,* 111 Mich App 304; 314 NW2d 597 (1981) (the Wayne County Circuit Court lost jurisdiction after it executed an order transferring the case to Monroe County Circuit Court and, accordingly, its subsequent order granting plaintiff's motion for rehearing and

denying defendant's motion for change of venue was void).

I would reverse on the basis that the Livingston County Circuit Court's order granting attorney fees was void for lack of jurisdiction.