## STAMADIANOS v STAMADIANOS

Docket No. 74171. Submitted December 19, 1985 (Calendar No. 11).
Decided April 29, 1986.

Eugenia P. Stamadianos was granted a default judgment of
divorce from Thomas G. Stamadianos, with his consent, in the
Livingston Circuit Court, Paul R. Mahinske, J. In her sworn
complaint for divorce and during testimony, Mrs. Stamadianos
alleged that she had lived in Livingston County for at least ten
days immediately preceding the filing of her complaint. Ap-
proximately one year later, Mr. Stamadianos sought to have
the judgment set aside or to have modified certain provisions
incorporated in the judgment regarding a property settlement
and payment of Mrs. Stamadianos' attorney fees, alleging that
Mrs. Stamadianos had committed fraud upon the court by
misrepresenting her residency. The court, following a hearing,
found that Mrs. Stamadianos' allegations of residency were
false and, holding that it had been without jurisdiction to enter
the judgment of divorce, dismissed the proceedings and assessed
the defendant's costs and attorney fees against the plaintiff.
The Court of Appeals, M. J. KELLY, P.J., and R. B. BURNS, J.
(BENSON, J., dissenting), held that the residency rule concerned
venue only and not the court's jurisdiction and remanded the
case for further proceedings (Docket No. 66909). The Court of
Appeals certified conflict with *Beaudry v Beaudry,* 20 Mich App
287 (1969).

In an opinion by Justice RILEY, joined by Chief Justice
WILLIAMS and Justices BRICKLEY, CAVANAGH, and BOYLE, the
Supreme Court *held:*

The requirement that in order to be granted a judgment of
divorce a person must have resided in the county in which the
complaint for divorce was filed for ten days immediately pre-

REFERENCES

Am Jur 2d, Divorce and Separation §§ 240-244.

Am Jur 2d, Domicil § 5.

Validity of statute imposing durational residency requirements for
divorce applicants. 57 ALR3d 221.

ceding the filing, like the 180-day state residency requirement, is a jurisdictional, and not a venue, provision.

Jurisdiction of a circuit court to grant a judgment of divorce derives from statute. State residency requirements obligate a person seeking a divorce to reside for a certain period of time within the state. The specific language of the statute providing the ten-day county residency requirement coupled with the legislative and judicial history of that residency requirement evidences no bases on which a distinction may be drawn between the 180-day state residency requirement and the ten-day county residency requirement. Thus, the decision of the Court of Appeals must be reversed and the plaintiff's judgment of divorce set aside.

Reversed.

Justice LEVIN, dissenting, stated that the appeal should be dismissed on the ground that leave to appeal was improvidently granted because there is not the requisite advocacy in the Supreme Court to decide a question of this importance. Leave was granted because the decision of the Court of Appeals was seen as conflicting with a decision rendered by that Court in another case and with the decision of the Supreme Court in *Lehman v Lehman*, 312 Mich 102 (1945). Neither party in this case is advocating that the county residency provision be construed as a venue provision. This is not a case in which the question whether the residency provision is one of venue or a jurisdictional prerequisite to the filing of a divorce complaint should be decided.

Justice ARCHER took no part in the decision of this case.

133 Mich App 430; 350 NW2d 268 (1984) reversed.

### Opinion of the Court

Divorce — Domicile — County Residency.

The requirement that in order to be granted a judgment of divorce a person must have resided in the county in which the complaint for divorce was filed for ten days immediately preceding the filing, like the 180-day state residency requirement, is a jurisdictional, and not a venue, provision (MCL 552.9; MSA 25.89).

*Molly H. Reno* for the plaintiff.

RILEY, J. This matter is before this Court to

decide a question certified by the Court of Appeals[1] as to whether the panel in the instant case erred in holding that the ten-day county residency rule set forth in MCL 552.9; MSA 25.89 is a venue provision rather than a jurisdictional provision.

Also before this Court is the issue raised by the plaintiff (treated as an application for leave to appeal)[2] regarding attorney fees, assessments, and costs.

We reverse the Court of Appeals decision in *Stamadianos v Stamadianos,* 133 Mich App 430; 350 NW2d 268 (1984), and hold that the ten-day county residency provision is jurisdictional. Thus, we set aside the judgment of divorce, and need not reach the other issue raised by plaintiff.

### I. FACTS

The parties were granted a consent default judgment of divorce on April 27, 1981, by the Livingston Circuit Court. The plaintiff alleged in her sworn complaint for divorce, and testified at the pro confesso hearing on her complaint, that she had lived in Livingston County for at least ten days immediately preceding the filing of her complaint.

A property settlement apportioning the assets and liabilities of the parties was among the several

---

[1] On order of the Court, the certification by the Court of Appeals pursuant to Administrative Order No. 1984-2 that its decision in the instant case is in conflict with its decision in *Beaudry v Beaudry,* 20 Mich App 287; 174 NW2d 28 (1969), and the pleadings filed by the parties are considered. Plaintiff's pleadings are treated as an application for leave to appeal and hereby granted. The parties are directed to include among the issues to be briefed whether the Court of Appeals erred in holding that the ten-day residency rule set forth in MCL 552.9; MSA 25.89, is a venue provision rather than a jurisdictional provision.

[2] See n 1.

provisions incorporated in the divorce judgment granted by the court. Also included was a provision requiring defendant to pay $625 toward plaintiff's attorney fees. Approximately one year following entry of this default judgment, the defendant filed a motion to modify the property settlement provisions, as well as the attorney-fee provision. As an alternative to modification, the defendant requested that the entire default judgment of the divorce be set aside, alleging that the plaintiff had committed several frauds upon the court, including misrepresenting that she was a resident of Livingston County for the statutorily required ten days immediately preceding the filing of the complaint. The plaintiff eventually filed an affidavit admitting failure to comply with the ten-day county residency rule.

Following the hearing on the defendant's motion, the trial court found that it had been without jurisdiction to enter the judgment of divorce. However, the trial judge further concluded that, since the plaintiff had remarried, rather than set aside the judgment he would set aside the property settlement provisions and the award of attorney fees. In addition, the court denied the plaintiff's request for attorney fees which accrued pursuant to defendant's motion to modify. The plaintiff subsequently filed an amended complaint for divorce alleging fault and seeking alimony, followed by a motion for change of venue or, in the alternative, a dismissal of the proceedings. The court granted the request for dismissal and assessed attorney fees and costs totaling $6,107.38) against the plaintiff.

It was the refusal of the trial court to award attorney fees and the assessment of fees and costs against her that the plaintiff raised in the Court of Appeals. However, while the plaintiff did not chal-

lenge the trial court's ruling that it lacked jurisdiction to enter a divorce decree, the Court of Appeals concluded that jurisdiction was the dispositive issue, holding that MCL 552.9; MSA 25.89 is a venue provision. Consistent therewith, they reinstated the consent default judgment of divorce and vacated the award of attorney fees and costs against plaintiff. The case was remanded to the trial court for consideration of whether attorney fees and costs incurred pursuant to defendant's motion for modification and the resulting appeal should be assessed against either party.

## II. DISCUSSION

In Michigan, there is no common-law authority to grant a judgment of divorce. The jurisdiction of the circuit courts in matters of divorce is strictly statutory. *Yedinak v Yedinak,* 383 Mich 409; 175 NW2d 706 (1970), *Flynn v Flynn,* 367 Mich 625; 116 NW2d 907 (1962), and *Hatch v Hatch,* 323 Mich 581; 36 NW2d 152 (1949).

The statute in question provides:

A judgment of divorce shall not be granted by a court in this state in an action for divorce unless the complainant or defendant has resided in this state for 180 days immediately preceding the filing of the complaint *and the complainant or defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint.* [1974 PA 344, MCL 552.9; MSA 25.89. Emphasis added.]

The dispute in this case centers on the emphasized language regarding county residency. However, an examination of the state residency requirement is necessary to our analysis of the county residency requirement.

State residency requirements, by definition, obligate a plaintiff, in order to obtain a decree of divorce, to reside a certain period of time within the state in which the divorce decree is sought. These state residency requirements have been upheld by the United States Supreme Court against the contention that they violate the United States Constitution. *Sosna v Iowa,* 419 US 393; 95 S Ct 553; 42 L Ed 2d 532 (1975). Furthermore, many jurisdictions, including Michigan, have held that compliance with the statutory requirement as to the length of residency is jurisdictional and that the failure of a court to comply renders a divorce decree absolutely void.[3]

In *Kennedy v Kennedy,* 325 Mich 613, 617; 39 NW2d 67 (1949), this Court held that where there was no evidence that either of the parties to divorce actually had resided in the state for at least one year as required by the applicable statute, the trial court did not have jurisdiction to render a divorce decree.

> There was no testimony on the hearing in open court to establish that either of the parties had resided in the State of Michigan for a period of 1 year. See CL 1929, § 12731, as amended by PA 1941, No 2, (CLS 1945, § 12731, Stat Ann 1946 Cum Supp § 25.89).[4]
>
> * * *
>
> While the defendant withdrew his answer and

---

[3] See *Lynch v Lynch,* 302 NC 189; 274 SE2d 212 (1981), *Old Colony Trust Co v Porter,* 324 Mass 581; 88 NE2d 135 (1949), and *Howell v Herriff,* 87 Kan 389; 124 P 168 (1912).

[4] 1941 PA 2 stated in pertinent part:

Sec. 9. No decree of divorce shall be granted by any court in this state in any case unless:

First, The party applying therefor shall have resided in this state for 1 year immediately preceding the time of filing the bill or petition therefor . . . .

consented that the bill of complaint be taken as confessed, and consented that the plaintiff proceed at once as in a pro confesso case, still such consent does not establish jurisdiction. In *Bradfield v Bradfield,* 154 Mich 115, 119 (129 Am St Rep 468) [117 NW 588 (1908)], we say:

"It is urged that, even should the court hold that complainant was not a resident of this State within the meaning of the statute, defendant by admitting in his answer the allegation of the bill relative to her residence is precluded from raising the question. Such admission did not confer jurisdiction upon the court. If the law were otherwise, the very purpose of the statute would be defeated, and collusive and fraudulent divorces encouraged. Such holding would be against public policy. Upon this question the conclusion of the court is founded upon reason and supported by authority." (Citing *Smith v Smith,* 10 ND 219 [86 NW 721 (1901)], and *Prettyman v Prettyman,* 125 Ind 149 [25 NE 179 (1890)].) [325 Mich 615-616.]

See also *White v White,* 242 Mich 555; 219 NW 593 (1928), *Bradfield v Bradfield, supra,* and *Pierson v Pierson,* 132 Mich App 667; 347 NW2d 779 (1984).

Having reaffirmed that Michigan case law supports the conclusion that the state residency requirement of MCL 552.9; MSA 25.89 is jurisdictional, we conclude, also, that the ten-day county residency requirement set forth in the same statute also represents a jurisdictional limitation on the circuit court's power to enter a divorce decree.

This Court held in *Lehman v Lehman,* 312 Mich 102, 105; 19 NW2d 502 (1945), that the county residency requirement extant at that time represented a jurisdictional limitation on the circuit court. In applying the county residency requirement which read "[a] divorce from the bonds of matrimony may be decreed by the circuit court of the county where the parties or one [1] of them,

reside . . . ,"[5] we reversed the trial court's decree and directed the entry of a decree dismissing the plaintiff's bill of complaint and defendant's cross-bill, because the trial court lacked jurisdiction to grant the decree in question.

The record clearly establishes that neither party was a resident of Chippewa county at the time the present suit was begun or when the decree was entered. *Wright v Genesee Circuit Judge,* 117 Mich 244 [75 NW 465 (1898)]; *Reed v Reed,* 52 Mich 117 (50 Am Rep 247) [17 NW 720 (1883)]. Therefore, under section 12728 quoted above, the circuit court of that county was without jurisdiction to grant the decree in question. The jurisdiction of the court was statutory (*Winter v Winter,* 276 Mich 665 [268 NW 774 (1936)]; *Herp v Herp,* 254 Mich 33 [235 NW 850 (1931)]; *Haines v Haines,* 35 Mich 138) [1876], and jurisdiction could not be conferred by consent of the parties. *Mondou v Lincoln Mutual Casualty Co,* 283 Mich 353 [278 NW 94 (1938)]; *Nichols v Houghton Circuit Judge,* 185 Mich 654 [152 NW 482] (Ann Cas 1917 D, 100) [1915]. Failure to allege residence in the county could be cured by amendment, but the fact of residence must be proved. In the case of *People v McCaffrey,* 75 Mich 115, 125, 126 [42 NW 681 (1889)], we said:

"Failure to allege his residence within that particular county was not a jurisdictional defect. . . .

"The omission to allege it may be cured by amendment, *though this fact (of residence) must be made to appear in the proofs in order to give relief.*"

In 3 Searl, Michigan Pleading & Practice, p 333, § 1334, it is stated:

"Bills for divorce must be filed in the county where one of the parties resides."

---

[5] At the time of *Lehman,* the county residency requirement was solely that the parties or one of them reside in the county where the divorce would be decreed. There was no specific time requirement. 1929 CL 12728.

See, also, *Titus v Chippewa Circuit Judge,* 168
Mich 507 [134 NW 487 (1912)]. [Emphasis in origi-
nal. 312 Mich 106.]

The county residency rule was later at issue in
*Beaudry v Beaudry,* 20 Mich App 287; 174 NW2d
28 (1969), wherein the defendant appealed from
the denial of his motion to dismiss the complaint
for divorce on the basis of the plaintiff's inability
to meet the residency requirement. The Court of
Appeals reversed, pointing out that the jurisdic-
tion in circuit courts over divorce actions is en-
tirely statutory and

[b]ecause the statutory jurisdiction was not estab-
lished, the trial court was without jurisdiction and
should have granted defendant's motion to dismiss
the complaint. *White v White,* 242 Mich 555 [219
NW 593 (1928)]; *Lehman v Lehman,* 312 Mich 102
[19 NW2d 502 (1945)]; and *Fox v Board of Regents
of the University of Michigan,* 375 Mich 238 [134
NW2d 146 (1965)]. [20 Mich App 288.][6]

---

[6] A minimum time for county residency first appeared in 1947. 1947
PA 323 provided in pertinent part:

No decree of divorce shall be granted by any court in this
state unless the complainant or defendant, or both of them,
shall have resided in the county in which the bill or petition
for divorce is filed for 10 days immediately preceding the filing
of the bill or petition therefor.

There were subsequent amendments of this statute including 1953
PA 174; 1956 PA 95; 1957 PA 257; 1958 PA 227; and 1959 PA 174
that was applicable at the time of *Beaudry.* Other than minor
changes, the county residency statute of 1959 was similar to the 1947
version. 1959 PA 174 stated in pertinent part:

No decree of divorce shall be granted by any court in this
state in any case unless:
(3) The complainant or defendant, or both of them, shall have
resided in the county in which the bill of complaint is filed for
10 days immediately preceding the filing of the bill of com-
plaint therefor.

Thus, the ten-day time limit was in effect at the time of *Beaudry.*

Inexplicably, despite consistent authority to the contrary, in 1977, in *Abadi v Abadi,* 78 Mich App 73, 76-77; 259 NW2d 244 (1977), lv den 402 Mich 870 (1978), the Court of Appeals found the ten-day county requirement set forth in the same. statute to be a venue provision.[7]

> We recognize that the statute includes a primary requirement that the complainant or defendant reside in the state for 180 days immediately preceding the filing of the complaint. That requirement is intended to be jurisdictional, so as to prevent "forum shopping" by complainants who may live in states where divorces are more difficult to obtain than they are under the Michigan no-fault divorce law. See *Sosna v Iowa,* 419 US 393; 95 S Ct 553; 42 L Ed 2d 532 (1975).
>
> However, we find the 10-day requirement with respect to the county in which the action is brought is a venue provision only. Regarding the present case, plaintiff has resided in this state since 1969; but the change in her marital status has unexpectedly disrupted her life style and prompted her to seek solace with her family outside Michigan. The 10-day residency requirement is not designed to bar persons such as plaintiff from dissolving their marital bonds in this state.

However, as Judge BENSON noted in his dissent in *Stamadianos, supra,* the conclusion in *Abadi* regarding the county requirement was dictum because the trial judge, following a hearing on the question of plaintiff's residency, found that plaintiff had in fact satisfied the ten-day residency requirement of MCL 552.9; MSA 25.89. Thus, there was no reason for the Court of Appeals in *Abadi* to determine whether or not the ten-day county requirement was a venue or a jurisdictional provision.

---

[7] In 1974, the state and county provisions were merged into the same section. 1974 PA 344, MCL 552.9; MSA 25.89.

Nevertheless it was the *Abadi* dictum, stating that the ten-day residency requirement was a venue provision, that the Court of Appeals panel in the instant case followed. In addition, while acknowledging the holding in *Lehman* that the county residency requirement was jurisdictional, the Court of Appeals distinguished *Lehman* from this case on the basis of the fact that *Lehman* involved a different statute than the one presently in question,[8] and that when *Lehman* was decided, "the Michigan Legislature had not yet embraced the modern concept of venue as subsequently set forth in Chapter 16 of the Revised Judicature Act . . . ." *Stamadianos, supra,* 435-436.[9]

While it is true that the *Lehman* case involved a different statute, we also believe that the existing county requirement at the time of *Lehman* (1929 CL 12728) was no more positive in its command that the county residency requirement be implemented as a jurisdictional limitation on the circuit court than the current language in MCL 552.9; MSA 25.89 and, thus, does not compel disparate application.

Regarding the Court of Appeals conclusion that *Lehman* need not be followed because it was decided prior to the modern concept of venue embraced in Chapter 16 of the 1961 Revised Judicature Act, we do not agree that the Legislature intended the venue provisions of Chapter 16 of the Revised Judicature Act to supersede the jurisdictional county provision set forth in MCL 552.9; MSA 25.89.

We believe that the history of MCL 552.9; MSA 25.89 evidences a legislative intent that the ten-day county residency requirement be jurisdic-

[8] *Lehman, supra,* involved 1929 PA 12728 (MSA 25.86), and *Stamadianos, supra,* involved 1974 PA 344, MCL 552.9; MSA 25.89.

[9] 1961 PA 236, MCL 600.1601 *et seq.;* MSA 27A.1601 *et seq.*

tional. Prior to the 1948 codification of the Michi-
gan statutes, this Court construed a precursor to
1974 PA 344, MCL 552.9; MSA 25.89 as being
jurisdictional. *Lehman, supra.* (1929 CL 12728.) In
1961, Chapter 16 of the Revised Judicature Act
was enacted. This act provided that the venue
provisions of Chapter 16 were not jurisdictional.
MCL 600.1601; MSA 27A.1601. However, there is
nothing in Chapter 16 of the Revised Judicature
Act addressing venue that in any way affects or
influences MCL 552.9; MSA 25.89.[10] This Court
believes that if the Legislature had intended to
abrogate the rule of *Lehman* by codifying the
venue provisions in the Revised Judicature Act, it
would have included a provision in the Revised
Judicature Act addressing venue in divorce cases.
However, this it did not do.

Furthermore, following the enactment of the
Revised Judicature Act in 1961, the Michigan
Court of Appeals affirmed *Lehman* in *Beaudry,
supra.* And, subsequently, when the Legislature
amended MCL 552.9; MSA 25.89 in 1974 PA 344,
they did so with language similar to that used in
the provision in effect at the time of *Beaudry* and
kept this provision in that section of the compiled
laws concerning divorce and not in the venue

[10] In his dissent in *Stamadianos,* Judge BENSON stated further
reason to reject the Court of Appeals analysis in this case:

> It is of no import that the current statutory provisions on
> venue embodied in MCL 600.1601; MSA 27A.1601 through MCL
> 600.1659; MSA 27A.1659 were not codified as a group at the
> time *Lehman* was decided. Most, if not all, of the provisions set
> forth in Chapter 16 of the Revised Judicature Act (RJA) were
> embodied elsewhere in the compiled laws when *Lehman* was
> decided or represented the common law of this state at the
> time of *Lehman.* Moreover, the simple fact is that not one of
> the venue provisions in Chapter 16 of RJA specifically applies to
> divorce actions. I fail to see how the Legislature's codification of
> pre-existing venue provisions in the RJA reflects a legislative
> intent to overrule *Lehman.* [133 Mich App 437.]

provisions of the Revised Judicature Act. In ana-
lyzing the pattern of legislative and judicial action
related to MCL 552.9; MSA 25.89, we can only
conclude that the 1974 Legislature knew that the
courts had not interpreted the venue chapter of
the Revised Judicature Act as affecting prior hold-
ings that the ten-day county residency require-
ment was jurisdictional. *Beaudry,* citing *Lehman.*
On two occasions the Legislature, in promulgating
Chapter 16 of the 1961 Revised Judicature Act
(following the 1945 *Lehman* holding), and later in
enacting 1974 PA 344 (following the 1969 *Beaudry*
decision), did not act to change judicial interpreta-
tion of the statutory county residency provision.
Thus, this Court believes that legislative silence
can only be interpreted as consent to the judici-
ary's position that the ten-day county residency
requirement of MCL 552.9; MSA 25.89 is a juris-
dictional and not a venue provision.

Finally, the specific language of the statute,
coupled with the legislative and judicial history of
the county residency requirement, further con-
vinces this Court that the county residency re-
quirement is a jurisdictional provision. But for the
number of days needed to satisfy the requisite
residency requirements, one requiring a period of
180 days within the state, and one requiring a
period of ten days within the county, the language
of the two residency requirements are identical.
Moreover, the plain language of the statute indi-
cates similar application by the use of the word
"and" between the state and county residency
requirements. Also, we note that nowhere in the
statute is the term venue used. Consequently, a
clear reading of the statute evidences no basis for
the county requirement to be applied differently
than the state residency requirement. This Court
believes, because of the substantially similar lan-

guage used addressing both the state and county residency requirements, that the Legislature intended the provisions to be applied similarly. Further, because the 180-day state residency requirement has been consistently determined to be jurisdictional,[11] the specific language of the statute dictates that the ten-day county residency requirement must also be jurisdictional.

Thus, we reverse the Court of Appeals decision holding that the county residency requirement is a venue provision. The plaintiff's judgment of divorce is set aside and her appeal as to attorney fees, assessments, and costs thus need not be considered.

No costs, a public question being involved.

WILLIAMS, C.J., and BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with RILEY, J.

LEVIN, J. (*dissenting*). The question that is the subject matter of the opinion of the Court is whether the ten-day county residency provision[1] is jurisdictional. If it is, then the failure of Eugenia Stamadianos to have resided in Livingston County for at least ten days immediately preceding the filing of her complaint might require that the consent default judgment of divorce be set aside.

I

Leave to appeal was granted because the decision of the Court of Appeals was seen as conflicting with a decision rendered by another panel of

---

[11] There is no case law in Michigan holding that the state residency requirement in divorce is anything but jurisdictional. Even where the Court of Appeals determined the ten-day county requirement to be a venue provision, the state residency requirement was still determined to be jurisdictional. *Abadi* and *Stamadianos, supra.*

[1] MCL 552.9; MSA 25.89.

the Court of Appeals in a different case and with this Court's opinion in *Lehman v Lehman*, 312 Mich 102; 19 NW2d 502 (1945).

Neither party in this case is advocating that the ten-day county residency provision be construed as a venue provision. It appears that both Eugenia and Thomas G. Stamadianos, at one point in time, agreed to have the divorce set aside. Their positions have changed throughout the litigation.[2] This is not a case in which the question whether this residency provision is one of venue or one of jurisdiction should be decided.

In many divorce cases there will be a disgruntled party looking for a ground on which to appeal. I would not issue an opinion calling attention to a basis for invalidating a divorce at a significantly later point in time because a party discovers, or chooses to reveal, that the county residency requirement was not satisfied.

In many cases, estoppel or laches should bar a

[2] Eugenia initially stated that she had lived in Livingston County for the requisite ten days immediately preceding the filing of her complaint. She subsequently said that she failed to comply with the ten-day county residency provision because "she never intended to make Livingston County her permanent home and had not understood the necessity of such intent in establishing legal residency." 133 Mich App 430, 433; 350 NW2d 268 (1984). The subjective aspect of residency might be a judicial gloss.

Neither party is arguing that the ten-day county residency provision is a venue provision. Thomas has not filed a brief in this Court. Initially, Eugenia sought the divorce and obtained a consent default judgment in Livingston Circuit Court on April 27, 1981. The Stamadianoses had resided in Washtenaw County, but Eugenia commenced the action in Livingston County at the request of Thomas who wished to avoid shame in the Ann Arbor Greek community. Almost a year later, Thomas filed a motion to modify the property settlement and attorney-fee provision or, in the alternative, to set aside the default judgment on the basis that Eugenia had committed fraud on the court.

Eugenia filed, on June 30, 1982, an amended answer to Thomas' motion to modify the judgment of divorce and consented to the alternative relief sought, namely that the entire judgment of divorce be set aside. Thomas then changed his position and opposed setting aside the divorce.

party from setting aside the divorce. Some courts have reasoned that if both parties submitted to the court's jurisdiction, and neither party raised a residency issue, they are later barred from challenging the divorce on those grounds.[3]

There may be a subjective element to satisfying the ten-day county residency requirement which frequently will be difficult to satisfy. In many, perhaps most cases, when a spouse moves out of the marital home, that spouse might not relocate in a county in which there is an intention to make a new permanent home. It is a transitory time in a person's life.

## II

The Court of Appeals ruled that the county residency requirement was a venue provision, not a jurisdictional prerequisite to the filing of a complaint for divorce.[4] In seeking legislative intent,

[3] See *Gunn v Gunn,* 205 Mich 198, 200; 171 NW 371 (1919). See also *Johnson v Johnson,* 230 Ga 204; 196 SE2d 394 (1973); *Zahorsky v Zahorsky,* 543 SW2d 258 (Mo App, 1976).

[4] The Court of Appeals agreed with the similar holding in *Abadi v Abadi,* 78 Mich App 73, 76-77; 259 NW2d 244 (1977), lv den 402 Mich 870 (1978). In *Abadi,* the Court of Appeals construed the residency requirement of 180 days in the state (MCL 552.9; MSA 25.89) to be jurisdictional (to prevent "forum shopping"), but found the ten-day county requirement to be a venue provision only. The Court was apparently sympathetic to the plight of the woman who left her marital home in Wayne County on October 4, 1973, to return to her family in Virginia, then returned and checked into a Holiday Inn in Oakland County on October 8, 1973. She did not wish to return home because of fear of her husband. The complaint was filed on October 19, 1973, and she returned to Virginia on October 20, 1973. The trial judge held a hearing on the residency question and resolved the issue in her favor. The opinion of this Court states that the language with respect to the county provision is dictum since Mrs. Abadi had satisfied the ten-day requirement.

*Beaudry v Beaudry,* 20 Mich App 287; 174 NW2d 28 (1969), is said to be in conflict with *Abadi* and *Stamadianos. Beaudry* was an appeal from a denial of a motion to dismiss a complaint for divorce. Apparently, in contrast with the instant case and *Abadi,* there was no *decree of divorce* that would be set aside if the court was found to

the Court commented that living arrangements after a decision to discontinue living together are often temporary. The Court observed that voiding an otherwise valid decree of divorce on the basis adopted in the opinion of this Court could cast a cloud of uncertainty over such decrees and "constitutes too powerful a weapon to place in the hands of disgruntled former spouses . . . ."[5]

Because there has not been the requisite advocacy in this Court to decide a question of this importance, leave was improvidently granted and the appeal should be dismissed.

ARCHER, J., took no part in the decision of this case.

---

lack jurisdiction. The plaintiff in *Beaudry* commenced residency in Oakland County on June 22, 1968, and ten days later filed her complaint for divorce on July 1, 1968. Because the ten-day period is computed excluding the first day, the ten-day county requirement was not satisfied.

The other case said to be in conflict is the pre-no-fault divorce case of *Lehman v Lehman, supra,* where this Court said that the county residency requirement was jurisdictional. The statute at that time provided: "A divorce from the bonds of matrimony may be decreed by the circuit court of the county where the parties or one of them reside." There was no durational requirement. The Court held, because neither party resided in the county in which the divorce was sought but were just "visiting parents," that the circuit court was without jurisdiction to grant the divorce decree.

[5] 133 Mich App 435.