# STATE OF MICHIGAN

# COURT OF APPEALS

---

AMY LYNNE FUNK,

      Plaintiff-Appellant,

v

MATTHEW JAMES FUNK,

      Defendant-Appellee.

UNPUBLISHED
April 2, 2015

No. 319467
Calhoun Circuit Court
Family Division
LC No. 13-000164-DM

---

Before: WILDER, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right from the parties' judgment of divorce, entered in the Family Division of Calhoun Circuit Court. The judgment of divorce preserved her right to appeal the prior venue decision of the Ingham Circuit Court. We affirm the trial court's grant of attorney fees and dismiss as moot plaintiff's argument that venue was proper in Ingham County.

In October 2012, plaintiff filed a complaint for divorce in Ingham County. In accordance with MCL 552.9, she asserted that she had been a continuous resident of Michigan for at least 180 days and a resident of Ingham County for at least 10 days prior to filing her complaint. Defendant's attorney entered a special appearance in Ingham Circuit Court, arguing that venue did not lie in Ingham County. The trial court agreed with defendant and ordered plaintiff's case transferred to Calhoun County. The trial court also awarded defendant attorney fees pursuant to MCR 2.223(B)(1).

Plaintiff's challenge to the venue decision of the Ingham Circuit Court is moot. "As a general rule, an appellate court will not decide moot issues." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). "An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *Id.* However, this Court may nevertheless reach the moot question if "the issue is one of public significance that is likely to recur, yet evade judicial review." *Ryan v Ryan*, 260 Mich App 315, 330; 677 NW2d 899 (2004). Here, there is no meaningful relief this Court can provide because the parties have already received their divorce. Further, the issue of proper venue for a divorce action—something that typically affects only the parties to the divorce and their minor children—is not of significant public interest. Nor do the issues appear likely to recur in the future and evade judicial review because the parties' consent judgment of divorce has already been finalized.

-1-

Plaintiff's argument that the trial court abused its discretion in awarding attorney fees pursuant to MCR 2.223(B)(1) also involves the issue of venue. "The award of attorney fees in a divorce action is within the trial court's discretion." *Maake v Maake*, 200 Mich App 184, 189; 503 NW2d 664 (1993). An abuse of discretion occurs when the trial court's decision is "outside the range of reasonable and principled outcomes." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008).

MCR 2.223(B)(1) provides that if venue was improper:

> The court shall order the change at the plaintiff's cost, which shall include the statutory filing fee applicable to the court to which the action is transferred, and which may include reasonable compensation for the defendant's expense, including reasonable attorney fees, in attending in the wrong court.

The use of the word "may" clearly indicates that the award of reasonable attorney fees is discretionary with the trial court.

Plaintiff asserts the trial court abused this discretion because venue was proper in Ingham County and because her action was not frivolous. In *Stamadianos v Stamadianos*, 425 Mich 1, 14; 385 NW2d 604 (1986), the Supreme Court reversed this Court's determination that MCL 552.9 was a venue provision rather than a jurisdictional statute. The Court expressly held "the ten-day county residency requirement of MCL 552.9 is a jurisdictional and not a venue provision." *Id*. at 13. Accordingly, plaintiff's argument that MCL 552.9 provides for both the proper jurisdiction and proper venue of a divorce action is wholly without merit.

Further, plaintiff's assertion that the general venue provision in MCL 600.1621 should not apply to divorce cases because it does not expressly mention divorce is without merit. MCL 600.1621 provides in pertinent part as follows:

> Except for actions provided for in sections 1605 [real actions, replevin], 1611 [action on probate bond], 1615 [action against governmental units], and 1629 [tort and product liability actions], venue is determined as follows:
>
> (a) *The county in which a defendant resides*, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action.
>
> (b) If none of the defendants meet 1 or more of the criteria in subdivision (a), the county in which a plaintiff resides or has a place of business, or in which the registered office of a plaintiff corporation is located, is a proper county in which to commence and try and action.
>
> (c) An action against a fiduciary appointed by court order shall be commenced in the county in which the fiduciary was appointed. [Emphasis added.]

Based on the plain language of the statute, it is clear that except for circumstances not applicable in this case, venue is governed by MCL 600.1621. Thus, although there is not a specific

provision addressing divorce by name, MCL 600.1621's catchall provision still applies to divorce cases.  As such, venue in plaintiff's case was proper in Calhoun County because that was the county where defendant resides.

Accordingly, plaintiff's position was frivolous because it was devoid of arguable legal merit.  MCL 600.2591(3)(a)(*iii*) (a party's defense in a civil action is frivolous if it is "devoid of arguable legal merit").[1]  The award of attorney fees was proper.

We affirm the trial court's decision awarding defendant attorney fees, and dismiss as moot plaintiff's venue challenge.

/s/ Kurtis T. Wilder
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

---

[1] Plaintiff argues that there was arguable legal merit to her position because it is common practice to file a complaint for divorce in the county where the plaintiff resides instead of the county where the defendant resides.  However, the fact that many attorneys and judges allegedly misapply MCL 552.9 does not somehow transform plaintiff's argument into an issue with arguable legal merit.