## HILL *v.* HILL.

1. MARRIAGE—ANNULMENT—RESIDENCE.

   Divorce residence requirements are not applicable to annulment proceedings, since such requirements were designed to discourage hasty divorces, a reason inapplicable to the continuance of a marriage which was void from its beginning (CL 1948, §§ 552.9, 552.9e, as amended and added by PA 1957, No 257).

2. SAME—ANNULMENT—VENUE—STATUTES.

   Statute specifying that a bill of complaint to annul a marriage could be filed in the county where the parties, or 1 of them, resided, eliminated residential requirements set forth in the divorce section of the statute (CL 1948, § 552.3).

Appeal from Wayne; Targonski (Victor), J. Submitted October 7, 1958. (Docket No. 11, Calendar No. 47,732.) Decided December 2, 1958.

Bill by Ronald Irwin Hill against Elizabeth McBride Hill for annulment of marriage. Defendant's motion to dismiss denied. Defendant appeals. Affirmed.

*Keidan & Keidan* (*Baer Keidan,* of counsel), for plaintiff.

*Bunin & Grandon* (*Seymour B. Goldman,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 35 Am Jur, Marriage § 63.
   Jurisdiction, as between different States, of suit to annul marriage. 128 ALR 61.

KELLY, J. Plaintiff, a resident of Windsor, Ontario, Canada, filed a bill of complaint for annulment in the Wayne circuit court, stating that he was married in Detroit to defendant who was a resident of Detroit; that said marriage was part of a trick, scheme and fraud whereby defendant obtained from him a sum in excess of $35,000, and that the marriage was never consummated. Personal service was obtained upon defendant.

Defendant's motion to dismiss the bill of complaint was denied. The only question presented in this appeal is whether the statutory residence requirements regulating divorce actions are applicable to actions for annulment.

CL 1948, § 552.3 (Stat Ann 1957 Rev § 25.83), provides:

"When a marriage is supposed to be void, or the validity thereof is doubted, for any of the causes mentioned in the 2 preceding sections;* either party, excepting in the cases where a contrary provision is hereinafter made, may file a petition or bill in the circuit court of the county, where the parties or 1 or them, reside, or in the court of chancery for annulling the same and such petition or bill shall be filed and proceedings shall be had thereon as in the case of a petition or bill filed in said court for a divorce; and upon due proof of the nullity of the marriage, it shall be declared void by a decree or sentence of nullity."

CL 1948, § 552.9, as amended by PA 1957, No 257 (Stat Ann 1957 Cum Supp § 25.89), provides:

"No decree of divorce shall be granted by any court in this State in any case unless:

"(1) The party applying therefor shall have resided in this State for 1 year immediately preceding

* CL 1948, § 552.2 (Stat Ann 1957 Rev § 25.82) includes the cause of fraud.—REPORTER.

the time of filing the praecipe for summons therefor; or

"(2) The marriage which it is sought to dissolve was solemnized in this State, and the party applying for such divorce shall have resided in this State from the time of such marriage until the time of bringing such suit for divorce.

"(3) The complainant or defendant, or both of them, shall have resided in the county in which the praecipe for summons for divorce is filed for 10 days immediately preceding the filing of the praecipe for summons therefor."

CL 1948, § 552.9e, as added by PA 1957, No 257 (Stat Ann 1947 Cum Supp § 25.89[5]), reads:

"Whenever the cause for divorce charged in the bill or petition has occurred out of this State, no decree of divorce shall be granted unless the complainant or defendant shall have resided in this State 1 year immediately preceding the filing of the praecipe for summons for the divorce. Absence from this State for not to exceed 90 days shall not be construed as to interfere with the fulfillment of the 1-year residence requirement provided in the case of causes for divorce occurring without this State."

The question herein presented has not previously been before this Court.

Authorities from other States are divided as to whether statutory requirements of a term of residence as a condition to the maintenance of a proceeding for divorce are applicable to actions for annulment.

The weight of authority supports the conclusion that divorce residence requirements are not applicable to annulment proceedings because such requirements were designed to discourage hasty divorces and this reason would not apply to the continuance of a marriage which was void from its beginning.

The legislature in providing that a bill of complaint for annulment could be filed in the county where the parties, or 1 of them, resided, eliminated the residential requirements set forth in the divorce section of the statute.

The circuit court did not err in denying defendant's motion to dismiss.

Affirmed. Costs to appellee.

Dethmers, C. J., and Carr, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.