LEWIS v LEWIS

Docket No. 81233. Submitted November 6, 1985, at Grand Rapids.
Decided July 8, 1986.

Plaintiff, Sherry D. Lewis, and defendant, Kenneth E. Lewis,
were married in the state of Florida, where both of their
children were subsequently born. While plaintiff was pregnant
with her third child, she took both children to visit her father
in Michigan. Twenty-two days after arriving in Allegan County,
Michigan, plaintiff filed a complaint for separate maintenance
in the Allegan Circuit Court. The circuit court, George R.
Corsiglia, J., issued an ex parte order granting plaintiff tempo-
rary custody of the children, alimony, and child support. Defen-
dant arrived in Michigan and was served with copies of plain-
tiff's complaint and the circuit court's ex parte order. Defen-
dant filed an answer to the complaint, petitioned the circuit
court to set aside its ex parte order, and motions seeking the
dismissal of the suit. The circuit court ruled that it had
jurisdiction to determine child custody under the Uniform
Child Custody Jurisdiction Act, denied defendant's other mo-
tions, and issued a temporary order for custody, child support,
and visitation. Defendant appealed. *Held:*

The 180-day state and ten-day county residency requirements
for a divorce action also apply to an action for separate mainte-
nance. A circuit court cannot exercise jurisdiction over an
action for separate maintenance when neither of the parties
resided in this state for 180 days and in the county of filing for
ten days prior to the filing of the complaint for separate
maintenance. In this case, neither plaintiff nor defendant satis-
fied that requirement. The circuit court therefore lacked juris-
diction over plaintiff's action for separate maintenance, making
its orders void ab initio.

Reversed.

DIVORCE — SEPARATE MAINTENANCE — CIRCUIT COURTS — JURISDIC-
TION.

A circuit court lacks jurisdiction to entertain an action for

REFERENCES

Am Jur 2d, Divorce and Separation §§ 232 *et seq.*

Validity of statute imposing durational residency requirements for
divorce applicants. 57 ALR3d 221.

separate maintenance where neither of the parties resided in Michigan for at least 180 days and in the county where the action was filed for at least ten days (MCL 552.7; MSA 25.87).

*Coupe & Van Allsburg* (by *William W. Coupe*), for plaintiff.

*Barnard & Smith, P.C.* (by *Robert J. Barnard, Jr.*), for defendant.

Before: R. M. MAHER, P.J., and M. J. KELLY and H. W. MOES,* JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the Allegan Circuit Court establishing the court's jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), MCL 600.651 *et seq.;* MSA 27A.651 *et seq.*

Plaintiff and defendant were married in Florida on October 21, 1979. James Chad Lewis was born on August 21, 1980. Sarah Leann Lewis was born on December 20, 1982. On May 21, 1984, plaintiff, pregnant with her third child, traveled to Michigan with the parties' two children to visit her sick father. Plaintiff did not return to Florida and on June 11, 1984, she filed a complaint for separate maintenance in the Allegan Circuit Court. On June 12, 1984, the trial court entered an ex parte order granting plaintiff temporary custody, alimony and child support.

Defendant arrived in Michigan on August 1, 1984, at which time he was served with copies of plaintiff's complaint and the ex parte order. Defendant filed an answer to plaintiff's complaint, a petition to set aside the ex parte order for custody, alimony and child support, and numerous motions seeking dismissal of plaintiff's lawsuit.

On October 17, 1984, the Allegan Circuit Court

* Circuit judge, sitting on the Court of Appeals by assignment.

judge issued an opinion concluding that the court had jurisdiction of the child custody determination under the UCCJA. All other defense motions were denied as being without merit. On December 19, 1984, the Allegan Circuit Court judge entered a temporary order for custody, child support, and visitation.

On appeal, defendant raises several issues, including a challenge to the trial court's exercise of jurisdiction under the UCCJA. Since we conclude, however, that the trial court lacked jurisdiction over the action for separate maintenance and that its orders are void, resolution of the remaining issues is not necessary to this appeal.

Defendant raises an issue of first impression: whether the residency requirements for an action for divorce are applicable to an action for separate maintenance. After a thorough review of the applicable statutes,[1] we conclude that a circuit court cannot exercise jurisdiction over an action for separate maintenance where neither of the parties resided in this state for 180 days and in the county of filing for ten days prior to the filing of the complaint for separate maintenance.

There is no dispute that prior to 1972 the statute governing separate maintenance proceedings did not require residency in this state by a party for a certain length of time. *Hatch v Hatch,* 323 Mich 581; 36 NW2d 152 (1949). MCL 552.301; MSA 25.211 provided in part:

> That whenever a husband shall, without good and sufficient cause desert his wife, or shall have hereafter deserted his wife without good and sufficient cause being of sufficient ability to support

---

[1] Circuit court jurisdiction over divorce and separate maintenance proceedings is entirely statutory. *Binkow v Binkow,* 298 Mich 609; 299 NW 734 (1941).

her, or shall have become an habitual drunkard since their marriage, or practiced extreme cruelty towards her, or committed the crime of adultery, or any other offense that entitles the wife to a decree of divorce or of separation, and shall refuse and neglect to support his wife, *either the wife or husband being a resident of this state,* the circuit court in chancery of any county in this state in which said husband or wife shall reside, shall on the application of the wife by petition, allot, assign, set apart and decree to her as alimony the use of such part of her husband's real and personal estate, or such proportion of his earnings, income or revenue as the court may determine . . . . [Emphasis added. Repealed by 1971 PA 75, § 2, effective January 1, 1972.]

Under the statute, as long as one of the parties was a resident for any length of time, the circuit court had jurisdiction over the proceedings. In contrast, the statute governing divorce proceedings, MCL 552.9; MSA 25.89, has always required a term of residence as a condition for maintaining a proceeding for divorce.[2]

---

[2] Prior to its amendment in 1974, MCL 552.9; MSA 25.89 provided:

No decree of divorce shall be granted by any court in this state in any case unless:
 (1) The party applying therefor shall have resided in this state for 1 year immediately preceding the time of filing the bill of complaint therefor; or
 (2) The marriage which it is sought to dissolve was solemnized in this state, and the party applying for such divorce shall have resided in this state from the time of such marriage until the time of bringing such suit for divorce; and
 (3) The complainant or defendant, or both of them, shall have resided in the county in which the bill of complaint is filed for 10 days immediately preceding the filing of the bill of complaint therefor.

In 1974, the statute was amended to provide:

A judgment of divorce shall not be granted by a court in this state in an action for divorce unless the complainant or defen-

In 1971, the Legislature revised the divorce laws and adopted a no-fault basis for granting a judgment of divorce. At the same time, the separate maintenance statute was repealed and replaced to some extent by MCL 552.7; MSA 25.87 which provides:

> An action for separate maintenance *may be filed in the circuit court in the same manner and on the same grounds* as an action for divorce. In the complaint the plaintiff shall make no other explanation of the grounds for separate maintenance than by use of the statutory language. [Emphasis added.]

We construe § 7 to require compliance with the jurisdictional residency requirements of the divorce statute.[3]

Although the residency requirements of the divorce statute may have been designed to discourage hasty divorces, *Hill v Hill*, 354 Mich 475, 477; 93 NW2d 157 (1958), we believe, in light of the adoption of the no-fault system, that the purpose of the residency requirements is to establish a sufficient nexus between the state and the parties in order to protect the state's interests in avoiding officious intermeddling in matters of which another state has a paramount interest and in minimizing the susceptibility of its own divorce decrees

dant has resided in this state for 180 days immediately preceding the filing of the complaint and the complainant or defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint.

[3] We are not alone in our construction of this statute. We note that a leading treatise on Michigan domestic relations law states that "the separate maintenance statute appears to contemplate that jurisdiction in separate maintenance actions be governed by and determined under the provisions governing jurisdiction in divorce actions." 1 Moore, Moore & Denison, Michigan Practice Marriage and Divorce (3d ed), § 258, p 93.

to collateral attack. See *Sosna v Iowa,* 419 US 393; 95 S Ct 553; 42 L Ed 2d 532 (1975). As a panel of this Court has stated, the residency requirements of the divorce statute are designed to prevent "forum shopping."[4] We find such state interests equally compelling in actions for separate maintenance.

Furthermore, we believe that the 1971 revisions reflect a conscious effort by the Legislature to link the proceedings for separate maintenance and divorce. Conspicuously unchanged by the 1971 revisions is the statute governing annulment proceedings. MCL 552.3; MSA 25.83, like former MCL 552.301; MSA 25.211, does not require a term of residency as a condition for obtaining an annulment. The residency requirements of the divorce statute are inapplicable to actions for annulment. *Hill, supra,* p 477. As long as one of the parties is a resident of the county where the petition is filed, the circuit court has jurisdiction over the proceedings. We find significant the fact that while the annulment statute was not affected by the 1971 revisions, the law governing separate maintenance was modified so that an action for separate maintenance is to be filed "in the same manner" as an action for divorce.

In addition, MCL 552.7(4); MSA 25.87(4) provides that a judgment of separate maintenance may only be awarded if a counterclaim for divorce has not been filed. The Legislature, by requiring a 180-day residency for divorce actions, does not eliminate the 180 days when a counterclaim for divorce is filed in an action for separate maintenance. It would be inconsistent to allow a judgment of divorce in less than 180 days if it were awarded as a

---

[4] *Abadi v Abadi,* 78 Mich App 73, 76; 259 NW2d 244 (1977), lv den 402 Mich 870 (1978), overruled on other grounds, *Stamadianos v Stamadianos,* 425 Mich 1; 385 NW2d 604 (1986).

counterclaim rather than as a complaint. Were there no residence requirements for separate maintenance, a judgment of divorce could in like manner, pursuant to this statute, be granted without the required 180-day residency.

For these reasons, we conclude that a circuit court lacks jurisdiction to entertain an action for separate maintenance where neither of the parties resided in the state for 180 days and in the county of filing for ten days[5] prior to the filing of the complaint.

We are cognizant of concerns that residency requirements in actions for separate maintenance would impose undue hardship on families in need of court intervention for support. Such needs, however, are adequately addressed by the Family Support Act, MCL 552.451 *et seq.;* MSA 25.222(1) *et seq.,* which provides a parent with immediate access to the court, in the county where either parent resides, to obtain family support from the spouse who is not living with the family. No term of residency is required by the statute.

In the instant case, defendant was not a resident of Michigan. Plaintiff commenced this action for separate maintenance twenty-two days after moving to Michigan. Although she may have satisfied the ten-day county rule, she had not, as of the commencement of the lawsuit, been a resident of Michigan for 180 days. Therefore, the Allegan Circuit Court lacked jurisdiction over the suit and the court's orders are void. *In the Matter of Hague,* 412 Mich 532, 544; 315 NW2d 524 (1982).

Reversed.

---

[5] Our Supreme Court recently held that the ten-day county residency rule, like the 180-day state residency rule, is jurisdictional and cannot be waived. *Stamadianos, supra.*