*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WADEE GHALEB,

       Plaintiff-Appellant,

v

MUZAMMIL AHMED, M.D., MICHIGAN
HEALTHCARE PROFESSIONALS, doing business
as COMPREHENSIVE UROLOGY, KAHLIL N.
SAAD, M.D., and WILLIAM BEAUMONT
HOSPITAL,

       Defendants-Appellees.

UNPUBLISHED
November 10, 2022

No. 357812
Wayne Circuit Court
LC No. 20-014152-NH

Before: MURRAY, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right orders granting summary disposition in favor of all defendants under MCR 2.116(C)(7), on the grounds that plaintiff's claims were barred by the statute of limitations. We reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of medical treatment plaintiff received from defendants for urinary issues on April 26, 2018, which allegedly worsened his problems. On Monday, April 27, 2020, plaintiff sent his notice of intent (NOI) to defendants as required under MCL 600.2912b. On October 27, 2020, plaintiff filed his complaint and affidavit of merit asserting claims against defendants that included medical malpractice and respondeat superior.

Defendants moved for summary disposition on the basis of the statute of limitations, arguing that plaintiff's NOI was not filed within the two-year statutory limitations period for medical malpractice actions under MCL 600.5805(8). The last treatment provided to plaintiff was on April 26, 2018; therefore, the statute of limitations expired on April 26, 2020 but plaintiff did not serve his NOI until April 27, 2020. The motions asserted that plaintiff was required to serve his NOI by April 26, 2020, and thus, it was not timely. And even if plaintiff was entitled to serve the NOI on April 27, 2020—because April 26, 2020 was a Sunday—the statute of limitations was

not tolled following the 182-day notice period, which began on April 26, 2020, because there were no days remaining in the limitations period when that notice was given. See MCL 600.5856(c). Therefore, plaintiff was required to file his complaint on October 26, 2020, which was a Monday, when the 182-day notice period was up and before the statute of limitations period expired. Instead, plaintiff filed on October 27, 2020, which was the 184th day from April 26, 2020, not the 183rd day, as permitted by *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304; 901 NW2d 577 (2017).

Plaintiff responded, arguing that his NOI was timely filed because April 26, 2020 fell on a Sunday and MCR 1.108(1) extended the statutory limitations period to April 27, 2020. Plaintiff further argued that his complaint was not time-barred because he was required to wait a full 182 days after serving his NOI before filing his complaint—which meant that he could not file his complaint until October 27, 2020. Therefore, defendants' motions for summary disposition must be denied.

On April 15, 2021, after a hearing on the motions, the trial court held that plaintiff's complaint was time-barred and granted defendants' motions for summary disposition. Plaintiff moved for reconsideration, arguing that his NOI and complaint were timely under MCR 1.108(1) and MCL 8.6, which the trial court denied. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred in concluding that his NOI was not timely and that his complaint was time-barred. We agree.

## A. PRESERVATION AND STANDARDS OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Broz v Plante & Moran*, *PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020). When reviewing a motion under MCR 2.116(C)(7), the court must accept as true all well-pleaded factual allegations and construe them in favor of the plaintiff unless contradicted by evidence. *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). When documentary evidence is submitted in support of such motion, the court must consider that evidence in determining whether a genuine issue of material fact exists. *Id.* at 429.

Interpretation of statutes and court rules are reviewed de novo. *Haksluoto*, 500 Mich at 309. "Our goal when interpreting and applying statutes or court rules is to give effect to the plain meaning of the text. If the text is unambiguous, we apply the language as written without construction or interpretation." *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011).

"Generally, to preserve a claim of error for appellate review, the party claiming the error must raise the issue in the trial court." *Redmond v Heller*, 332 Mich App 415, 430; 957 NW2d 357 (2020). In response to the motions for summary disposition, plaintiff argued that his NOI was timely served under MCR 1.108(1) and his complaint was not time-barred; therefore, this issue is preserved for appellate review. However, in his motion for reconsideration plaintiff raised the additional argument that MCL 8.6 applied to the statute of limitations but this issue is not preserved for appellate review. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773

NW2d 758 (2009) ("Where an issue is first presented in a motion for reconsideration, it is not properly preserved.").

> Although this Court need not address an unpreserved issue, it may overlook preservation requirements when the failure to consider an issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented. [*Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 387; 803 NW2d 698 (2010).]

Unpreserved issues are reviewed for plain error. *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015). That means such error is forfeited unless it was a clear or obvious error and affected substantial rights. *Id*. at 427. "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

## B. NOTICE OF INTENT

The trial court erred by concluding that plaintiff's NOI was untimely. The statute of limitations for a medical malpractice case is two years. See MCL 600.5805(8); see also *Haksluoto*, 500 Mich at 310. "The Revised Judicature Act (RJA), MCL 600.101 *et seq*., requires that a prospective medical malpractice plaintiff provide a potential defendant at least 182 days of notice prior to filing suit." *Id*. at 307; see also MCL 600.2912b(1).

> If a plaintiff files a notice of intent (NOI) to file a claim before the limitations period for the malpractice action expires, but the limitations period for the malpractice action would otherwise expire during the 182-day notice period, the statute of limitations for the malpractice action is tolled for the duration of the notice period. [*Haksluoto*, 500 Mich at 307; see also MCL 600.5856(c).]

"Michigan employs a 'mailbox rule' for providing this notice of intent. See MCL 600.2912b(2) ('Proof of the mailing constitutes prima facie evidence of compliance' with the NOI requirement.)." *Haksluoto*, 500 Mich at 310.

It is undisputed that the statute of limitations applicable to plaintiff's action expired on April 26, 2020. However, April 26, 2020 was a Sunday. Plaintiff mailed his NOI to defendants on Monday, April 27, 2020. MCR 1.108 provides:

> In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:
>
> (1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order.

The court rule is clear—it applies in "computing a period of time prescribed or allowed by . . . statute[.]" MCR 1.108. Here, the statute of limitations expired on April 26, 2020—a Sunday. Because the last day of the statute of limitation was a Sunday, as set forth in MCR 1.108(1), "the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order." MCR 1.108(1). In other words, MCR 1.108(1) does not count the last day of the period if it falls on a nonbusiness day, including a Sunday. Accordingly, the statute of limitations was extended through the end of the next business day, Monday, April 27, 2020. And plaintiff timely filed his NOI on April 27, 2020.

This is the same result reached by our Supreme Court in *Watts v Henry Ford Health Sys*, 480 Mich 1055; 743 NW2d 897 (2008). In *Watts*, our Supreme Court noted that the alleged medical malpractice in that case accrued no later than January 2, 2003. *Id*. at 1055. "Accordingly, the period of limitations would have expired on January 2, 2005; however, because this was a Sunday, pursuant to MCR 1.108(1), the notice of intent that was filed on January 3, 2005, was timely." *Id*. Further, the Court held: "The notice of intent tolled the period of limitations for 182 days, and, thus, the complaint that was filed on July 1, 2005, was also timely." *Id*. at 1055-1056.

Plaintiff also argued in his motion for reconsideration that the overlapping statute which addresses how time is counted, MCL 8.6, also applied under the circumstances here. MCL 8.6 states:

> This section applies to the statutes and administrative rules. In computing a period of days, the first day is excluded and the last day is included. If the last day of any period or a fixed or final day is a Saturday, Sunday or legal holiday, the period or day is extended to include the next day which is not a Saturday, Sunday or legal holiday.

Clearly, plaintiff was right. Our Supreme Court in *Haksluoto*, 500 Mich at 314, recognized that the "law regarding how time is counted is currently codified in two overlapping provisions," MCL 8.6 and MCR 1.108(1). The Court also noted: "The apparent overlap of the statute with the court rule was previously recognized in *Beaudry v Beaudry*, 20 Mich App 287, 288; 174 NW2d 28 (1969)." *Haksluoto*, 500 Mich at 315 n 4. Thus, these provisions—and the manner in which time is computed—are plainly not recent developments in the law.

Both MCL 8.6 and MCR 1.108(1) are unambiguous and must be applied as written. While defendants argue that the weekend and holiday extension is inapplicable to the service of an NOI, because an NOI could be sent in the mail on any day of the week and the extension had to do with filing court documents during the pendency of a lawsuit, the plain language of MCL 8.6 and MCR 1.108(1) does not support this contention. "Our goal when interpreting and applying statutes or court rules is to give effect to the plain meaning of the text. If the text is unambiguous, we apply the language as written without construction or interpretation." *Ligons*, 490 Mich at 70. Here, the statutory limitations period expired on April 26, 2020, a Sunday. Therefore, under both MCL 8.6 and MCR 1.108(1), the period was extended to April 27, 2020, the next business day, and plaintiff's NOI was timely filed. Accordingly, the trial court erred in concluding that plaintiff's NOI was not timely.

## C. COMPLAINT

The trial court also erred in concluding that plaintiff's complaint was time-barred. If an NOI is filed with time remaining on the applicable statute of limitations, the statute of limitations is tolled by that NOI. *Haksluoto*, 500 Mich at 312 (citation omitted). In this case, as in the *Haksluoto* case, because plaintiff's NOI was "filed on the final day of the limitations period (but before that final day ended), MCL 600.5856(c) has ostensibly been satisfied so as to trigger tolling." *Id*.

MCL 600.2912b(1) states:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

As our Supreme Court explained in *Haksluoto*, 500 Mich at 317, "when a party is afforded a certain number of days, that period is construed as a certain number of whole days, excluding the day which triggered the running of the period, to ensure that the party receives all of the time to which he or she is entitled." This requirement extends to medical malpractice cases, and requires "that a plaintiff wait the *entire* 182-day notice period before filing a complaint." *Id.* (emphasis provided).

Thus, in determining when that 182-day period begins to run, our Supreme Court explained that the day the NOI is filed is a fractional day and is not counted as day number one of the 182-day period. Rather, the next day after the NOI is filed is considered the first whole day of the computational period which ensures "that the amount of time being provided to the 'user' of the time consists of the entire amount of time the law allows for . . . ." *Id*. at 317-318. In other words, defendants must receive the benefit of the entire 182-day notice period. *Id*. at 318.

In this case, as discussed above, plaintiff timely filed his NOI on April 27, 2020, and thus, the 182-day notice period began to run on April 28, 2020. Therefore, plaintiff could not file his complaint until Tuesday, October 27, 2020. See *Haksluoto*, 500 Mich at 318. "[W]hen an NOI is filed on the final day of the limitations period, the next business day after the notice period expires is an eligible day to file suit." *Id*. at 323. Here, counting from April 28, 2020, day 182 was October 26, 2020—after which the notice period is considered expired. Therefore, plaintiff could not file his complaint until the next business day which was October 27, 2020—as he did. While defendants contend that the first day of the 182-day notice period should have started on April 26, 2020—the date the statute of limitation actually expired—that argument is without merit. At issue is a *notice* provision. And plaintiff was required to give defendants the benefit of a full 182 days of notice that he intended to file a lawsuit. It is axiomatic that the notice period cannot begin to run before plaintiff provided notice—on April 27, 2020. Accordingly, plaintiff's complaint was timely filed—not time-barred—and the trial court erred in granting summary disposition in favor of defendants.

Reversed and remanded for proceedings consistent with this opinion. Plaintiff is entitled to costs as the prevailing party. See MCR 7.219(A). We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron